## Porta v. American Bank and Trust Co. of Pa.

*James T. Reilly, Egli, Walter & Reilly,* for plaintiff.
*James L. Atkins,* for defendant.

GATES, P. J., February 26, 1970.—This matter is before us on defendant's preliminary objections to plaintiff's complaint in assumpsit.

On November 13, 1969, plaintiff filed a complaint alleging that he is the owner of a 1962 Ford tractor

truck, the title to which he had pledged to defendant bank as security for a loan. Porta further alleges that on April 17, 1969, he received a letter from defendant notifying him that the insurance on the truck expires on April 20, 1969, and that if the bank did not receive written proof of renewed insurance by that date, the bank would assume that Porta did not renew his insurance and, therefore, the bank would place insurance on the account and bill Porta for the premium. Porta alleges that he relied upon the letter and refrained from obtaining renewal insurance.

On July 4, 1969, the truck was demolished in an accident, and the value of the truck at the time was $5,000. Later Porta learned that the bank had not obtained insurance, and the bank refuses to pay Porta the value of the truck.

The bank filed preliminary objections. The first is in the nature of a demurrer alleging that the complaint fails to set forth any contractual duty or obligation upon its part to procure the insurance, and the complaint fails to state any consideration sufficient to support a contract on the part of defendant to procure the insurance on the pledged collateral.

Plaintiff argues that under Pa. R.C.P. 1030, lack of consideration can be raised only by way of an answer under the heading of "new matter." It is true that failure of consideration is an affirmative defense and must be pleaded in a responsive pleading under the heading of "new matter," but failure of consideration is to be distinguished from lack or want of consideration. Want or lack of consideration embraces transactions or instances where no consideration was intended to pass, whereas a failure of consideration implies that consideration moving from the obligee to the obligor was contemplated.

We believe that plaintiff's reliance on Yonkovig v. Yonkovig, 23 Northumb. 57 cited in 4 Standard Pa.

Pract., page 97, is not well placed. We do not have the benefit of the Yonkovig opinion, but we are of the opinion that it has always been deemed essential to the sufficiency of a complaint that it set forth distinctly facts showing a legally sufficient consideration for the contract upon which the action is founded. A complaint which fails to allege facts showing legal consideration is demurrable and is not within the purview of affirmative defenses as set forth in Pa. R. C. P. 1030.

However, we are of the further opinion that there are facts alleged in this complaint which demonstrate a legally sufficient consideration for the contract. The abstention from doing something based upon the promise of another has been held to be sufficient legal consideration: In re Commonwealth Trust Company General Mortgage Investment Fund Case, 357 Pa. 349; Baum v. Allstate Insurance Company, 40 D. & C. 2d 315.

Defendant next objects in the nature of a motion to strike off the complaint, because it fails to state whether the loan obligation of plaintiff to defendant was in writing or not and, if in writing, a copy of the loan obligation and pledge agreement must be attached to the complaint. This objection, however, overlooks the fact that the cause of action arises out of a written promise to purchase insurance for plaintiff's account and is not based on the loan or pledge agreement. Consequently, the loan and pledge agreement are irrelevant and there is no necessity for attaching copies of the writings, if there are any, to this complaint.

Finally, defendant complains that plaintiff's complaint is not sufficiently specific, because it fails to aver the nature of the obligation resting upon the parties with respect to the procurement and maintenance

of insurance on the pledged collateral, the nature of the perils required to be insured against, the amount of the insurance to be maintained, and the value of the motor vehicle as it existed after the accident.

We agree it would be far better practice to be more specific when referring to insurance. There are many kinds of insurances including reducing term life insurance with the creditor as beneficiary in order to further secure a debt. However, from the general nature of the claim, it is apparent that the kind of insurance referred to is collision coverage or property damage insurance and the type and amount is simply determined, because the bank's promise was to renew the existing insurance if plaintiff did not do it by the date of its expiration. Inasmuch as the policy of insurance was in existence and a copy in the possession of defendant, we will not require plaintiff to be more specfic in his complaint.

It is better practice to plead the proper measure of damages in a complaint. A naked averment that the value of the truck at the time of the accident was $5,000 is clearly an insufficient averment. The measure of damages properly pleaded would be the lesser of the cost of repairs or the fair market value at the time of the accident less salvage value. Further, there may be further limitations depending upon the terms of the policy of insurance defendant failed to renew, i.e., deductible clauses, etc. However, this deficiency is not fatal and we will permit plaintiff to amend his complaint to properly reflect the measure of damages.

## ORDER

And now, February 26, 1970, the preliminary objec-

tions are dismissed and, in accordance with the foregoing opinion, leave is granted to plaintiff to amend his complaint within 20 days of the date of this order.